# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

K<small>A</small>'TORAH ARYA SAGE PROWSE                                                      PLAINTIFF
ADC #658340

v.                                         5:19-cv-00342-JM-JJV

WALTER WASHINGTON, *et al*.                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following supplemented recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Ka'Torah Arya Sage Prose ("Plaintiff"), an inmate at the Varner Supermax Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 alleging violations of her federally protected rights. (Doc. No. 2.) Plaintiff's excessive force, failure to protect, and state tort claims remain pending.[1] She seeks damages among other relief. (*Id*. at 12.)

Defendants Walter Washington and Ned Butler (collectively "Defendants") have now filed a Motion for Summary Judgment, contending Plaintiff failed to exhaust her administrative remedies. (Doc. Nos. 18-20.) Plaintiff did not respond to Defendants' Motion within the time she had to do so. On February 10, 2020, after Plaintiff's time to respond had run, I recommended Defendants' Motion for Summary Judgment be granted. (Doc. No. 21.)

After the Recommendation was filed, Plaintiff responded to Defendants' Motion and filed Objections to the Recommendation. (Doc. Nos. 25 – 29, 32). Defendants filed a Reply. (Doc.

---

[1] Plaintiff's official capacity claims and her claims against Brian Perkins have already been dismissed. (Doc. Nos. 4, 7.)

No. 30.) On March 17, 2020, United States District Judge James M. Moody referred this case back to me for consideration of Plaintiff's Responses and Objections. (Doc. No. 34.) After carefully considering Plaintiff Responses and Objections (Doc. Nos. 25-29, 32), I recommend Defendants' Motion for Summary Judgment be GRANTED and Plaintiff's claims DISMISSED for failure to exhaust her administrative remedies.

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in her favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).

Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust available prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

The grievance policy of the Arkansas Department of Correction in effect at the time of the alleged constitutional violations was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. No. 18-2 at 1-2.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (*Id.*) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident. (*Id.* at 5.) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id.* at 5-6.) Following an attempt at informal resolution, an inmate may proceed by filing

4

a formal grievance on the same Unit Level Grievance Form.  (*Id*. at 8.)  The warden or her designee must provide a written response within twenty working days of receipt.  (*Id*. at 10.)  If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director.  (Doc. No. 18-2 at 11.)  The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days.  (*Id*. at 12.)  "A written decision or rejection of an appeal at this level is the end of the grievance process."  (*Id*.)  Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC.  Inmates must fully exhaust the grievance prior to filing a lawsuit.  Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(*Id*. at 4-5.)

Defendants contend Plaintiff did not exhaust any grievance against them pertaining to the claims in this case.  (Doc. No.19; Doc. No. 18-1.)  In support of their argument, they submitted the Affidavit of Terri Grigsby, the ADC's Inmate Grievance Supervisor.  (Doc. No. 18-1.)  According to her testimony, Plaintiff filed six grievances relevant to her claims against Defendants: Grievances VSM-19-01969; VSM-19-01970; VSM-19-01971; VSM-19-02066; VSM-19-02178; and VSM-19-02179.  (*Id*. at 6.)

The evidence shows Plaintiff failed to exhaust her § 1983 claims against Defendants.  On July 16, 2019, Plaintiff sought informal resolution of the issues she raised in Grievance VSM-19-01969. (Doc. No. 18-4.)  She proceeded to Step Two on August 22, 2019.  (*Id*.)  Grievance VSM-19-01969 reads, in relevant part

> A few minutes later Sgt. Butler, Sgt. Perkins & Lt. Washington came into my cell while others waited outside.  Lt. Washington sprayed me with an entire can of MK-9.7% vapor without being in cuffs first before Sgt. Butler came in & hit me in my face with her elbow, slammed me on the floor where he beat me unconscious with her radio & I was carried & placed in the shower.

5

(*Id.*)  Plaintiff's appeal of Grievance VSM-19-01969 was returned because she did not complete Attachment III or IV with her name, ADC number, and/or date.  (Doc. No. 18-5.)  Because the appeal was returned, Grievance VSM-19-01969 was not exhausted. (Doc. No. 18-2 at 12.)

Grievance VSM-19-01970, filed on the same day as Grievance VSM-19-01969, raises the same complaint as Grievance VSM-19-01969.  In Grievance VSM-19-01970, Plaintiff writes, in relevant part:

> I was physically attacked in my cell (Cell 14) by Sgt. Ned Butler and Lt. Walter Washington.  Lt. Washington sprayed me with an entire can of MK-9.7% vapor (lot #04618 exp. 20203) before Sgt. Butler came into my cell, hit me in my face & slammed me on the floor where Lt. Washington began to beat me in my head with her radio till I was knocked unconscious & was carried to a shower.

(Doc. No. 18-6.)  Grievance VSM-19-01970 was rejected as being duplicative of Grievance VSM-19-01969, as were Grievances VSM-19-01971 (filed 7/25/2019), and VSM-19-02178 (filed 8/22/2019).  (Doc. Nos. 18-7, 18-9, 18-10, 18-15, and 18-16.)  The appeal of each of these grievances was likewise rejected as duplicative of the appeal of Grievance VSM-19-01969 or because Plaintiff did not complete all attachments as required.  (Doc. No. 18-8; Doc. No. 18-11; 18-17.)

Grievance VSM-19-02066 (filed 7/30/2019) does not raise any issues of excessive force against Defendants.  (Doc. No. 18-12.)  That Grievance reads:

> On Wednesday, July 17, 2019 (the next day after I filed an emergency grievance on him for unjustly spraying me before using his radio to beat me unconscious with during an incident that happened on Tuesday, July 9th, 2019)  Lt. Walter Washington filed a frivolous disciplinary on me claiming that I banded together with two inmates who were holding the shower down in ISO1 from my single man cell.  A conclusion that was reached after he (not seen) but allegedly heard me yell from my cell "aye bro if y'all hold the shower down we gone ride with y'all, so they can stay all night and get this work call jumping and they gone to have to blow all of us up."  The fact that it doesn't state how he came to know it was me who said it shows it's frivolous.  This is an act of retaliation from Lt. Washington

>    towards me for filing an emergency grievance on him & reporting it to the state
>    police.

(Doc. No. 18-12.)  Because this Grievance deals with an issue different from the claims Plaintiff raises in her case, it cannot be considered in determining exhaustion of Plaintiff's claims.

Grievance VSM-19-2179 related to Plaintiff's claims against Defendants, but the Grievance was returned to Plaintiff because it exceeded the number of formal Grievances Plaintiff was allowed to file in a one-week period.  (Doc. No. 18-1 at 10.)  Pursuant to AD14-16, the ADC logged the Grievance and returned it to Plaintiff but did not retain a copy of it.  (*Id*.; Doc. No. 18-2 at 14.)  Under AD14-16, "[i]nmates are only allowed to submit three formal grievances, Step Two, each seven-day period."  (Doc. No. 18-2 at 14.)  Because Plaintiff filed more than three formal grievances in a seven-day period—she filed three Grievances on August 22, 2019 alone—she exceeded her permitted limit.

Plaintiff disagrees she entirely failed to exhaust her administrative remedies.  (Doc. Nos. 25-29, 32.)  Instead, she contends that she failed to exhaust two grievances—only one of which was related to her excessive force claims—and that the remaining grievances "were rejected through error as a result of ADC officials failing to comply with grievance procedures."  (Doc. No. 25 at 2) (*See also* Doc. No. 26.)  She also maintains that only two grievances—Grievance VSM-19-0169 and VSM-19-01971 (rejected as duplicative of VSM-19-0169 )—were related to her excessive force claims.  (Doc. No. 25 at 2; Doc. No. 26; Doc. No. 29.)  Plaintiff asserts that "[t]he Defendants entered false replica versions of two of the Plaintiff's grievances as exhibits." (Doc. No. 25 at 2.)

With respect to Grievance VSM-19-0169, Plaintiff maintains the appeal was denied before it was ever received.  (Doc. No. 26 at 5.)  According to Defendants, the Grievance was denied because Plaintiff did not submit a complete Attachment III or IV with her name, ADC number,

and/or date.  (Doc. No. 18-5.)  The ADC's inmate Grievance Supervisor received two copies of Attachment I, one on August 27 and one on August 28.  (Doc. No. 30-1; Doc. No. 30-2).  Plaintiff maintains she submitted Attachment III but Defendants "have used false replicas of the Plaintiff's grievances in an attempt to mislead the Court."  (Doc. No. 29; Doc. No. 32.)  Plaintiff's challenges of her other unsuccessful grievance attempts range from the ADC misclassifying a grievance as a duplicate to repeated allegations that Defendants are using falsified documents.  (*See* Doc. No. 29, for example.)

Plaintiff has not, however, submitted evidence in support of her argument.  She refers to the grievances, but has not come forward with proof to establish a genuine issue of material fact.  A party contesting summary judgment cannot rely only on allegations but must present evidence establishing there are no material facts in dispute and entitlement to judgment as a matter of law.  *See* Fed. R. Civ. P. 56; *Bolderson v. City of Wentzville, Missouri*, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor).

Considering the evidence in the light most favorable to Plaintiff, I cannot conclude she exhausted her administrative remedies against Defendants in this case.  Further, Plaintiff sued unknown Doe Defendants in connection with failure to protect regarding the same excessive use of force.  (Doc. No. 2.)  She failed to exhaust her administrative remedies against the Doe Defendants, as well.  Because Plaintiff failed to exhaust, her claims should be dismissed without prejudice.  While this result seems harsh, I note that inmates are warned in advance that

> they must exhaust their administrative remedies as to all defendants at all levels on the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim.  If this is not done, their lawsuits or claims may be dismissed immediately.

(Doc. No. 18-1, at 17.)

I further recommend the Court decline to exercise jurisdiction over any state law claim Plaintiff raised. 28 U.S.C. § 1367.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 18) be GRANTED.

2. Plaintiff's claims against Defendants and the Doe Defendants be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. The Court decline to exercise jurisdiction over any state law claim Plaintiff raised.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

DATED this 20th day of March 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRSTE JUDGE