**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

KA'TORAH ARYA SAGE PROWSE
ADC #658340 PLAINTIFF

v. 5:19-cv-00342-JM-JJV

WALTER WASHINGTON,
Lieutenant, VSM, ADC, *et al*. DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

## I. INTRODUCTION

Ka'Torah Arya Sage Prowse ("Plaintiff"), an inmate at the Varner Supermax Unit of the Arkansas Division of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 alleging violations of her federally protected rights. (Doc. No. 2.) Plaintiff's excessive force, failure to protect, and state tort claims against Defendants Walter Washington, Ned Butler, and

Does 1, 2, and 3 (unidentified Varner Supermax Correctional officers) remain pending.[1] (*Id.*) The Doe Defendants have not yet been served. Plaintiff seeks money damages among other relief. (*Id.* at 12.)

Defendants have now moved for dismissal, claiming Ms. Prowse failed to properly exhaust her administrative remedies before filing her lawsuit. (Doc. No. 75.) Defendants previously moved for dismissal based on exhaustion. (Doc. No. 18.) That Motion was granted by this Court, (Docs. No. 36, 39), but reversed on appeal. (Docs. No. 60-62.)

This issue is on remand from the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit held:

> Whether Prowse's lawsuit continues, in other words, comes down to which set of papers she filed first, which is a classic dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (explaining that summary judgment is not appropriate "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party"). What is needed now is a factfinder to resolve it.
>
> In reaching this conclusion, we necessarily reject the argument that the order in which the prison stamped the papers is somehow dispositive. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (explaining that there is no genuine dispute when one side's account "is blatantly contradicted by the record"). For one thing, nothing rules out the possibility that prison officials initially misplaced Prowse's paperwork and then stamped it later. For another, what matters under the prison's rules is the order of submission, not receipt. So even assuming that prison officials received the paperwork in the same order they reviewed it, a "reasonable [factfinder] could [still] believe" that she fully exhausted her administrative remedies by submitting the one dated August 16 first. *Id.*

Upon remand, Defendants requested an evidentiary hearing and I held the hearing on December 9, 2021, to resolve the factual dispute.[2] (Doc. No. 74.) After carefully listening to

[1] Plaintiff's official capacity claims and her claims against Brian Perkins have already been dismissed. (Doc. Nos. 4, 7.)

[2] A magistrate judge may conduct an evidentiary hearing to resolve factual disputes relevant to the Prison Litigation Reform Act ("PLRA") exhaustion requirement. *See Boyd v. Rechcigl*, 790 Fed.

testimony, receiving exhibits, and hearing arguments, for the foregoing reasons, I recommend Defendants' Motion for Summary Judgment should be GRANTED, and this lawsuit should be DISMISSED without prejudice.

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in her favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).

---

Appx. 53, 54 (2020) (unpublished) (citing 28 U.S.C. § 636(b)(1)(B); *Lee v. Willey*, 789 F.3d 673, 677(6th Cir. 2015)).

Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. EXHAUSTION

The PLRA requires an inmate to exhaust available prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

The grievance policy of the ADC in effect at the time of the alleged constitutional violations was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. No. 18-2 at 1.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (*Id*. at 1-2.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident. (*Id*. at 5.) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id*. at 5-6.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id*. at 8.) The warden or her designee must

provide a written response within twenty working days of receipt. (*Id*. at 10.) If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (Doc. No. 18-2 at 11.) The Chief Deputy/Deputy/Assistant Director will acknowledge receipt of the appeal within five working days and will provide a written response within thirty working days. (*Id*. at 12.) "A written decision or rejection of an appeal at this level is the end of the grievance process." (*Id*.) Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(*Id*. at 4-5.)

## IV. EVIDENTIARY HEARING

### A. Issue Presented

The narrow issue after remand is whether Plaintiff properly exhausted grievance VSM-19-01969.[3] There are two versions of grievance VSM-19-01969. One was received on appeal to the Director's Office on August 27, 2019 (Defendants' Exhibit A); the other received August 28, 2019 (Plaintiff's Exhibit 1).[4]

The crux of this matter is whether or not Plaintiff forwarded to the Director's Office the grievance marked as Defendants' Exhibit A - received on August 27, 2019. If Plaintiff in fact submitted Defendants' Exhibit A as her appeal to the Director's Office - as Defendants' contend -

[3] At the evidentiary hearing, Plaintiff does not argue she fully exhausted any other grievances regarding the claims brought in this lawsuit, conceding that VSM-19-01969 is the only grievance that could exhaust her claims.

[4] All exhibits are attached to this Recommended Disposition.

then the grievance would have been properly rejected by prison authorities for failure to include the necessary attachments in accordance with ADC policy. However, if Plaintiff is to be fully credited for her version of events, she never placed Defendants' Exhibit A in the mail but instead only sent Plaintiff's Exhibit 1 to the Director's Office.

After careful consideration of the evidence in this case, as explained below, I find Plaintiff's version of events to be not credible and conclude the ADC properly rejected her grievance for failing to follow the ADC grievance policy.

B.    Testimonial Evidence

i. ADC Grievance Supervisor

Terry Grigsby-Brown, the ADC Grievance Supervisor, testified that "truck mail" is how the prison transports grievances from each ADC unit to the Director's office located in Pine Bluff. She explained grievances are received daily at the Director's office multiple times a day. They are stamped "RECIEVED" along with the date of their receipt and an acknowledgment or rejection is entered in the ADC's Electronic Offender Management Information System ("EOMIS"). The acknowledgment of receipt or rejection is then sent to the inmate.

With regard to Grievance VSM 19-01969, Ms. Grigsby-Brown reviewed Defendants' Exhibit A, and testified that it was received at the Director's Office on August 27, 2019, and was rejected as incomplete. She pointed out where the document was stamped "FAILURE TO FOLLOW POLICY HAS RESULTED IN A REJECTION FOR THIS APPEAL AND MARKS THE END OF THE APPEAL PROCESS." She explained the process also included documentation in EOMIS and offered Defendants' Exhibit E as further proof the document had been received on August 27, 2019 and was rejected because Plaintiff "Did not complete

Attachment III or IV with [her] name, ADC#, and/or date." She said a rejection of the grievance would have been sent to Plaintiff that day.

With regard to Plaintiff's Exhibit 1, Ms. Grigsby-Brown testified this document was received on August 28, 2019, and showed where it was stamped "PREVIOUSLY ANSWERED/REJECTED OR A DUPLICATE."

Defendants do not dispute that, had Plaintiff's Exhibit 1 been received first, it would have been proper. But Ms. Grigsby-Brown provided convincing testimony that the documents were received exactly as the dates are reflected on the documents. Ms. Grigsby-Brown added there is no system in place under the ADC exhaustion policy allowing an inmate to cure an unperfected appeal. So once an appeal is rejected by the Director's office and entered in EOMIS for that day, that is the end of the appeal process.

ii. Plaintiff

Ms. Prowse initially attempted to advance the claim that Plaintiff's Exhibit 1 and Defendants' Exhibit A were actually one in the same document. However, when I pointed out the grievance number in Defendants' Exhibit A was outside the box while the number was inside the box on Plaintiff's Exhibit 1, she withdrew this claim. Ms. Prowse further stated that she never submitted Defendants' Exhibit A and proposed that someone else may have sent it without her knowledge. She offered no evidence other than her testimony to support her claim.

## V. ANALYSIS

Beyond her own testimony, Plaintiff offers no evidence to advance her claim that she never submitted Defendants' Exhibit A and only submitted Plaintiff's Exhibit 1. And I do not find her testimony credible for the following reasons. First, it is clearly her handwriting on Defendants' Exhibit A where she completed Step Two on August 22, 2019. This date is consistent with the

document being received on August 27, 2019.  Moreover, the only plausible explanation offered at the hearing is for Ms. Prowse to have sent Defendants' Exhibit A to the Director's Office and it was received on August 27, 2019.  I further recognize that, in complete contrast with Ms. Prowse's testimony her appellate attorney argued that she submitted Defendants' Exhibit A to the Director's office not as an appeal but seeking a status update.[5]  Second, Plaintiff admitted on cross examination that she lied on August 22, 2019, when she wrote "I haven't filed a grievance that possesses the #VSM 19-01969 therefore it can't possibly be a duplicate" on her appeal of grievance VSM-19-02178.[6]  Accordingly, I do not find Plaintiff's testimony credible and find the evidence fails to support Plaintiff's claim she did not submit Defendants' Exhibit A to the Director's Office. Furthermore, I credit the testimony of Ms. Grigsby-Brown and conclude that Defendants' Exhibit A was in fact received on August 27, 2019 and the grievance was incomplete when received.   This testimony is buttressed by the fact the document is stamped "FAILURE TO FOLLOW POLICY HAS RESULTED IN A REJECTION FOR THIS APPEAL AND MARKS THE END OF THE APPEAL PROCESS" and further documented in EOMIS.  I further credit Ms. Grigsby-Brown's testimony that she carefully processes grievances by her desire to "not violate anyone's due process rights."

---

[5] Plaintiff's appellate lawyer argued that she did not submit the document as an appeal, but submitted it seeking a status update because Ms. Prowse had not received an acknowledgement from the Director's office in five days as contemplated by the ADC policy. And while the evidence could support this theory of the case during the appeal, it is now firmly contradicted by Plaintiff at this evidentiary hearing.

[6] Plaintiff initially testified grievance VSM 19-01969 was not assigned a number on August 22, 2019. However, upon further questioning, she admitted that if she wrote her appeal of grievance VSM-19-01969 on August 16, 2019, as she alleged, she certainly would have known that she had a grievance numbered VSM 19-01969 on August 22, 2019.

After fully considering the exhibits, testimony, and arguments by both sides, I find Defendants have proven that Plaintiff failed to properly exhaust grievance VSM-19-01969. Because Plaintiff failed to exhaust her administrative remedies before filing suit, her claims brought against Defendants should be dismissed without prejudice.

The Doe Defendants did not join in Defendants' Motion for Summary Judgment because they have not been identified or served. But my conclusions regarding sovereign immunity and Plaintiff's failure to exhaust available administrative remedies equally apply to Doe Defendants. Thus, I also recommend Plaintiff's official capacity claims against Doe Defendants be dismissed with prejudice and that any personal capacity claims against them be dismissed without prejudice. *See Angelo Iafrate Constr. LLC v. Potashnick Constr., Inc*. 370 F.3d 715, 722 (8th Cir. 2004) (explaining that "if an answering party asserts a defense on the merits that equally applies to the other defendant, the success of the defense operates as a discharge to all the defendants"); *Owens/Mitchell v. Burl,* Case No. 4:14-cv-00126 DPM (E.D. Ark. May 7, 2014) (unpublished opinion) (holding, in a prisoner § 1983 action, that the "non-moving Defendants" were entitled to dismissal based on a statute of limitations defense that was raised by other defendants), *aff'd without comment*, 2014 WL 1820639 (8th Cir. Sept. 29, 2014) (unpublished decision).

I further recommend the Court decline to exercise jurisdiction over any state law claim Plaintiff raised. 28 U.S.C. § 1367.

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep her out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an

> inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson v. Jones*, 340 F.3d 624, 626-27(8th Cir. 2003); *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures"). In addition, I note the ADC, as a part of the grievance process provides a PLRA Notice warning Plaintiff in advance that she:

> . . . must exhaust [her] administrative remedies as to all defendants at all levels on the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim. If this is not done, [her] lawsuits or claims may be dismissed immediately.

(Doc. No. 18-2, at 17.)

## VI. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 75) be GRANTED.

2. Plaintiff's claims against Defendants and Doe Defendants be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. The Court decline to exercise jurisdiction over any state law claim Plaintiff raised.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

DATED this 30th day of December 2021.

JOE J. VOLPE
UNITED STATES MAGISTRSTE JUDGE

# Defendants' Exhibits A-E

FOR OFFICE USE ONLY
GRV. # VSM19-0469
Date Received: ____________
GRV. Code #: ____________

**UNIT LEVEL GRIEVANCE FORM** (Attachment I)

Unit/Center [illegible]

Name [illegible]

ADC# [illegible] Brks # [illegible] **Job Assignment** [illegible]

[illegible] (Date) STEP ONE: Informal Resolution

8/22/19 (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: No response, I still have fear for my safety.

[illegible], (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: I was physically attacked by Lt. Washington + Sgt. Buttler on 7/01/19. I fear for my life + safety.

*Is this Grievance concerning Medical or Mental Health Services?* _____ *If yes, circle one: medical or mental*

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): On 7/1/19, between [illegible] Lt. Washington, Sgt. Buttler, Sgt. Perkins + multiple other unidentified [illegible] officers brought an inmate to a cell + attempted to force [illegible] cell mate. After a [illegible] inmate inside the cell Lt. Washington became physically aggressive with him + attempted to force him inside the cell all the while he was yelling for help. I then began to tell [illegible] that I was going to file paper work on all the officers who were allowing Lt. Washington to [illegible] the inmate while [illegible]. Sgt. Buttler then came to my door, opened it, stuck his head in + said "while you talkin you next bitch", closed the door + left. A few minutes later Sgt. Buttler, Sgt. Perkins + Lt. Washington came into my cell while the others waited outside. Lt. Washington sprayed me with an entire can of MK-9 .2% [illegible] without warning [illegible] first before Sgt. Buttler came in + hit me [illegible] with his elbow, slammed me on the floor where he beat me [illegible] with his radio + I was carried + placed in the shower.

[signature] 7/16/19

Inmate Signature Date

***If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.***

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on ____________ (date), and determined to be **Step One** and/or an Emergency Grievance _______ (Yes or No). This form was forwarded to medical or mental health? _______ (Yes or No). If yes, name of the person in that department receiving this form: ____________________ Date __________

[illegible] [illegible] [illegible] [illegible]

PRINT STAFF NAME (PROBLEM SOLVER) ID Number Staff Signature Date Received

Describe action taken to resolve complaint, including **dates:** ____________________

RECEIVED

AUG 2 7 2019

INMATE ... SUPERVISOR ... BUILDING

EXHIBIT A

PENGAD 800-631-6989

Staff Signature & Date Returned Inmate Signature & Date Received

This form was received on _________ (date), pursuant to **Step Two**. Is it an Emergency? _______ (Yes or No).

Staff Who Received Step Two Grievance: ____________________ Date: __________

Action Taken: ______________ (Forwarded to Grievance Officer/Warden/Other) Date: __________

If forwarded, provide name of person receiving this form: ____________________ Date: __________

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

1/1

W/C

Lt. Washington

**UNIT LEVEL GRIEVANCE FORM (Attachment I)**

| FOR OFFICE USE ONLY | |
|---|---|
| GRV. # | VSM19-1969 |
| Date Received: | 7-25-19 |
| GRV. Code #: | 807 |

1/A

**Unit/Center** VSM

**Name** Stansel Prowse

**ADC#** 658340 **Brks #** ISO1/14 **Job Assignment** ____________

7/16/19 (Date) STEP ONE: Informal Resolution

7/25/19 (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: Lt. Washington's incident report is false and is an attempt to cover up the fact that he unjustly sprayed me then attacked me.

7/16/19 (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: I was physically attacked by Lt. Washington + Sgt. Butler on 7/09/19. I fear for my life + safety.

*Is this Grievance concerning Medical or Mental Health Services?* _____ *If yes, circle one: medical or mental*

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how you were affected. (Please Print): On 7/9/19, between 6:50 pm + 7:20 pm Lt. Washington, Sgt. Butler, Sgt. Perkins + multiple other unidentified other officers brought an inmate to a cell + attempted to place him inside, as he didn't want a cell mate. After a moment of trying to coherce him inside the cell, Lt. Washington became physically aggressive with him + began to force him inside the cell all the while he was yelling for help. I then began to yell out my door that I was going to file paperwork on all the officers who were allowing Lt. Washington to beat an inmate while in cuffs. Sgt. Butler then came to my door, opened it, stuck his head in + said "while you talkin, you next bitch", closed the door + left. A few minutes later Sgt. Butler, Sgt. Perkins + Lt. Washington came into my cell while the others waited outside. Lt. Washington sprayed me with an entire can of MK-9 .7% vapor without being in cuffs first before Sgt. Butler came in + hit me in my face with his elbow, slammed me on the floor where Lt. beat me unconscious with his radio + I was carried + placed in the shower.

Stansel Prowse
Inmate Signature

7/16/19
Date

***If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.***

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on __________ (date), and determined to be **Step One** and/or an Emergency Grievance ______ (Yes or No). This form was forwarded to medical or mental health? ______ (Yes or No). If yes, name of the person in that department receiving this form: __________ Date ______

Kenney | 41078 | Kenney | 7-18-19
PRINT STAFF NAME (PROBLEM SOLVER) | ID Number | Staff Signature | Date Received

Describe action taken to resolve complaint, including dates: 7-9-19 that reasonable amount of force necessary was used in order to re-gain and maintain control of the situation. ~~End of statement~~

Kenney 7/23/19
Staff Signature & Date Returned

Inmate Signature & Date Received

This form was received on 7/25/19 (date), pursuant to **Step Two**. Is it an Emergency? N

Staff Who Received Step Two Grievance: Kenney Date: 7/25/19

Action Taken: __________ (Forwarded to Grievance Officer/Warden/Other) Date: ______

If forwarded, provide name of person receiving this form: __________ Date: ______

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

RETURNED TO INMATE FOR THE FOLLOWING REASON(S): NOT PROCESSED/FRIVOLOUS/ANSWERED/REJECTED/OR A DUPLICATE

RECEIVED JUL 25 2019 VARNER UNIT GRIEVANCE

RECEIVED AUG 28 2019 INMATE GRIEVANCES SUPERVISOR ADMINISTRATION BUILDING

EXHIBIT B

Exhibit 8-1

1/2

Attachment III

IGTT410
3GS

EXHIBIT 4-A

INMATE NAME: Prowse/Sage-Obama, Stansel/Ka'Torah A. ADC #: 658340B GRIEVANCE #: VSM19-01969

RETURNED TO INMATE FOR THE FOLLOWING REASON(S): NOT PROCESSED, PREVIOUSLY ANSWERED/REJECTED OR A DUPLICATE

WARDEN/CENTER SUPERVISOR'S DECISION

In response to your grievance, you state, On 7-9-19, between 6:50pm & 7:20pm Lt. Washington, Sgt. Butler, Sgt. Perkins & multiple other unidentified other officers brought an inmate to a cell & attempted to place him inside as he didn't want a cell mate. After a moment of trying to cohence him inside the cell, Lt. Washington became physically aggressive with him & began to force him inside the cell all the while he was yelling for help. I then began to yell out my door that I was going to file paperwork on all the officers who were allowing Lt. Washington to beat an inmate while in cuffs. Sgt. Butler then came to my door, opened it, stuck his head in & said while you talking you next bitch, closed the door & left. A few minutes later Sgt. Butler, Sgt. Perkins & Lt. Washington came into my cell while the others waited outside. Lt. Washington sprayed me with an entire can of Mk-9.7% vapor without being in cuffs first before Sgt. Butler came in & hit me in my face with his elbow, slammed me on the floor where Lt. beat me uncascious with his radio & I was carried & placed in the shower.

You have addressed multiple issues and Per AD 19-20 only one issue will be addressed. On July 09, 2019 Disciplinary action was taken toward you for assaulting staff. Throwing soap and hitting Lt. Washington and Sgt. Butler in the facial area. You refused to comply with directives given by Lt. Washington to have handcuff be placed on you.. Therefore, Chemical agents was administered. You were given another direct order to get handcuffed. Once you submitted to being restrained you came out of the handcuffs. Lt. Washington, Sgt. Butler and Sgt. Perkins use the amount of force necessary to regain control and restrain you. Once the situation was under control you were taken to isolation 1 dayroom shower where you were afforded a shower and a copious amount of water for decontamination. You were evaluated by medical and placed on behavior control. Therefore, I find this issue without merit.

RECEIVED AUG 28 2019 INMATE GRIEVANCE SUPERVISOR ADMINISTRATION BUILDING

[signature] Signature of Warden/Supervisor or Designee | Warden Title | 8/14/19 Date

**INMATE'S APPEAL**

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE? I have only addressed one issue in this grievance + thats the detail by detail reaccount of the incident that transpired between myself, Lt. Washington, Sgt. Buttler, Sgt. Perkins. I was retaliated against by these officers for threatening to write them up for assaulting an inmate while he was in cuffs, while the rest failed to protect as its stated in AR 225. In retaliation, Lt. Washington came to my cell along with Sgts Buttler + Perkins, sprayed me with an entire can of MK-9 .7% vapor while I wore only a pair of boxers + without warning or an order to submitt to hand restraints. Then without being placed in handcuffs my bar door was opened + Sgt. Buttler rushed in + attacked me, hitting me in my face with his elbow + slamming me face first into the

Ex. B 2/2

[illegible] INMATE
[illegible] OWING
[illegible] NOT
PROCESSED, PRE[illegible]SLY
[illegible]ED/REJECTED,
OR [illegible]

RECEIVED

DEC 08 2021

INMATE GRIEVANCES SUPERVISOR
ADMINISTRATION BUILDING

FAILURE TO FOLLOW
POLICY HAS RESULTED IN
A REJECTION FOR THIS
APPEAL AND MARKS THE END
OF THE APPEAL PROCESS

ADDITIONAL DOCUMENTS &
DUPLICATES WILL NOT BE
CONSIDERED AS PART OF
YOUR APPEAL

Ex. D

FAILURE TO FOLLOW POLICY HAS RESULTED IN A REJECTION FOR THIS APPEAL AND MARKS THE END OF THE APPEAL PROCESS

Attachment V

IGTT405
3GT

## ACKNOWLEDGEMENT OF GRIEVANCE APPEAL or REJECTION OF APPEAL

TO: Inmate Prowse/Sage-Obama, Stansel/Ka'Torah A. ADC #: 658340B
FROM: Payne, Dexter L TITLE: Director (ADC)
RE: Receipt of Grievance VSM19-01969 DATE: 08/27/2019

Please be advised, the appeal of your grievance dated 07/16/2019 was received in my office on this date 08/27/2019

**Your grievance appeal is being returned pursuant to the Administrative Directive on Inmate Grievances due to one of the following:**

- ☐ The time allowed for appeal has expired
- ☐ The matter is non-grievable and does not involve retaliation:
  - ☐ (a) Parole and/or Release matter
  - ☐ (b) Transfer
  - ☐ (c) Job Assignment unrelated to medical restriction
  - ☐ (d) Disciplinary matter
  - ☐ (e) Matter beyond the Department's control and/or matter of State/Federal law
  - ☐ (f) Involves an anticipated event
- ☑ You did not send all the proper Attachments:
  - ☐ (a) Unit Level Grievance Form (Attachment 1)
  - ☐ (b) Warden's/Center Supervisor's Decision (Attachment III); or Health Services Response Attached (Attachment IV for Health Issues Only)
  - ☐ (c) Did not give reason for disagreement in space provided for appeal
  - ☑ (d) Did not complete Attachment III or IV with your name, ADC#, and/or date
  - ☐ (e) Unsanitary form(s) or documents received
  - ☐ (f) This Appeal was REJECTED because it was a duplicate of , or was frivolous or vexatious

(501) Fax AG's office
# 682-2591

1/1



# Plaintiff's Exhibit 1 (4 pages)

W/C

Lt. Washington

**UNIT LEVEL GRIEVANCE FORM (Attachment I)**

| FOR OFFICE USE ONLY | |
|---|---|
| GRV. # | VSM19-1969 |
| Date Received: | 7-25-19 |
| GRV. Code #: | 807 |

1/A

Unit/Center VSM

Name Stansel Prowse

ADC# 658340 Brks # ISO 1/14 Job Assignment

P's 1

7/16/19 (Date) STEP ONE: Informal Resolution

7/25/19 (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.) If the issue was not resolved during Step One, state why: Lt. Washington's incident report is false and is an attempt to cover up the fact that he unjustly sprayed me then attacked me.

7/16/19 (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: I was physically attacked by Lt. Washington + Sgt. Buttler on 7/09/19. I fear for my life + safety.

*Is this Grievance concerning Medical or Mental Health Services?* _____ *If yes, circle one: medical or mental*

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): On 7/9/19, between 6:50 pm + 7:20 pm Lt. Washington, Sgt. Buttler, Sgt. Perkins + multiple other unidentified other officers brought an inmate to a cell + attempted to place him inside, as he didn't want a cell mate. After a moment of trying to convince him inside the cell, Lt. Washington became physically aggressive with him + began to force him inside the cell all the while he was yelling for help. I then began to yell out my door that I was going to file paperwork on all the officers who were allowing Lt. Washington to beat an inmate while in cuffs. Sgt. Buttler then came to my door, opened it, stuck his head in + said "while you talkin, you next bitch", closed the door + left. A few minutes later Sgt. Buttler, Sgt. Perkins + Lt. Washington came into my cell, while the others waited outside. Lt. Washington sprayed me with an entire can of MK-9, 7% vapor without being in cuffs first before Sgt. Buttler came in + hit me in my face with his elbow, slammed me on the floor where Lt. beat me unconscious with his radio + I was carried + placed in the shower.

Stansel Prowse — Inmate Signature

7/16/19 — Date

***If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.***

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on __________ (date), and determined to be **Step One** and/or an Emergency Grievance ______ (Yes or No). This form was forwarded to medical or mental health? ______ (Yes or No). If yes, name of the person in that department receiving this form: __________ Date

Kennedy | 40780 | Kennedy | 7-18-19

PRINT STAFF NAME (PROBLEM SOLVER) | ID Number | Staff Signature | Date Received

Describe action taken to resolve complaint, including dates: 7-9-19 that reasonable amount of force necessary was used in order to re-gain and maintain control of the situation. End of statement.

Kennedy 7/23/19

Staff Signature & Date Returned | Inmate Signature & Date Received

RETURNED TO INMATE FOR THE FOLLOWING REASON(S): NOT PROCESSED, PROCESSED, ANSWERED/REJECTED, DUPLICATE

EXHIBIT 3

This form was received on 7/25/19 (date), pursuant to **Step Two**. Is it an Emergency? N (Yes or No). Staff Who Received Step Two Grievance: Kennedy Date: 7/25/19

Action Taken: __________ (Forwarded to Grievance Officer/Warden/Other) Date: ______

If forwarded, provide name of person receiving this form: __________ Date: ______

RECEIVED JUL 25 2019 VARNER UNIT GRIEVANCE

RECEIVED AUG 28 2019 INMATE GRIEVANCES SUPERVISOR ADMINISTRATION BUILDING

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

Exhibit B-1

Exhibit 4-B

RECEIVED
AUG 2 8 2019
INMATE GRIEVANCES SUPERVISOR
ADMINISTRATION BUILDING

RETURNED TO INMATE FOR THE FOLLOWING REASON(S): NOT PROCESSED/PREVIOUSLY ANSWERED/REJECTED, OR A DUPLICATE

Inmate Signature ____ Date ____

floor. Where Lt. Washington began to strike me in the top of my head with his hand held radio, until I was knocked unconscious & carried to the shower. Per. Nurse Cunningham he was not advised that I had recieved injuries from by the physical altercation & therefore my injuries were not logged. Then Lt. Washington filed a fale report, giving a false re account of the incident filled with false details which violates AR 225. The fact that he did not use video & audio recording equipment further validates his report being false & it violates AR 411. If you compare the sworn statement provide in Lt. Washington's 005 report to security video footage for the date & time of the incident, one will see his statement (sworn) is false. Lt. Washington unjustly sprayed me, then attacked me & filed a false report in an attempt to cover himself & the officers with him. At no time did I ever assault any officer with anything, that was a lie. I was never placed in hand cuffs, so how did I slip them & if I did slip them as alleged, why didn't the officers in the hallway, standing outside my cell assist them. Why does Lt. Washington lie when he said that he & Sgt. Buttler were making a security round when the camera in the hall way shows otherwise. The fact that one of them already had my inner cell door key upon the entry of my cell discredits Washington's claim of only making a security round as it shows they already had the intentions of comming into my cell & how did Lt. Washington decide I had broken a shower trap upon the arrival of my cell when ISO 1 doesn't have showers in the cells. The reason is because Lt. Washington's 005 sworn statement is false & is a poor attempt to cover his & his officers unjustified actions against me.

IGTT410 Attachment III
3GS

INMATE NAME: Prowse/Sage-Obama, Stansel/Ka'Torah A. ADC #: 658340B GRIEVANCE #: VSM19-01969

EXHIBIT 4-A

RETURNED TO INMATE FOR THE FOLLOWING REASON(S): NOT PROCESSED, PREVIOUSLY ANSWERED/REJECTED OR A DUPLICATE

WARDEN/CENTER SUPERVISOR'S DECISION

In response to your grievance, you state, On 7-9-19, between 6:50pm & 7:20pm Lt. Washington, Sgt. Butler, Sgt. Perkins & multiple other unidentified other officers brought an inmate to a cell & attempted to place him inside as he didn't want a cell mate. After a moment of trying to cohence him inside the cell, Lt. Washington became physically aggressive with him & began to force him inside the cell all the while he was yelling for help. I then began to yell out my door that I was going to file paperwork on all the officers who were allowing Lt. Washington to beat an inmate while in cuffs. Sgt. Butler then came to my door, opened it, stuck his head in & said while you talking you next bitch, closed the door & left. A few minutes later Sgt. Butler, Sgt. Perkins & Lt. Washington came into my cell while the others waited outside. Lt. Washington sprayed me with an entire can of Mk-9.7% vapor without being in cuffs first before Sgt. Butler came in & hit me in my face with his elbow, slammed me on the floor where Lt. beat me uncascious with his radio & I was carried & placed in the shower.

You have addressed multiple issues and Per AD 19-20 only one issue will be addressed. On July 09, 2019 Disciplinary action was taken toward you for assaulting staff. Throwing soap and hitting Lt. Washington and Sgt. Butler in the facial area. You refused to comply with directives given by Lt. Washington to have handcuff be placed on you.. Therefore, Chemical agents was administered. You were given another direct order to get handcuffed. Once you submitted to being restrained you came out of the handcuffs. Lt. Washington, Sgt. Butler and Sgt. Perkins use the amount of force necessary to regain control and restrain you. Once the situation was under control you were taken to isolation 1 dayroom shower where you were afforded a shower and a copious amount of water for decontamination. You were evaluated by medical and placed on behavior control. Therefore, I find this issue without merit.

RECEIVED AUG 28 2019 INMATE GRIEVANCES SUPERVISOR ADMINISTRATION BUILDING

[signature] Signature of Warden/Supervisor or Designee | [signature] Title | 8/14/19 Date

INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE? I have only addressed one issue in this grievance + that's the detail by detail reaccount of the incident that transpired between my self, Lt. Washington, Sgt. Buttler, Sgt. Perkins. I was retaliated against by these officers for threatening to write them up for assaulting an inmate while he was in cuffs, while the rest failed to protect as it's stated in AR 225. In retaliation, Lt. Washington came to my cell, along with Sgt's Buttler + Perkins, sprayed me with an entire can of MK-9 .7% vapor while I wore only a pair of boxers + without warning or an order to submit to hand restraints. Then without being placed in handcuffs my bar door was opened + Sgt. Buttler rushed in + attacked me, hitting me in my face with his elbow + slamming me face first into the

IGTT405
3GT

Attachment V

FAILURE TO FOLLOW POLICY HAS RESULTED IN A REJECTION FOR THIS APPEAL AND MARKS THE END OF THE APPEAL PROCESS

# ACKNOWLEDGEMENT OF GRIEVANCE APPEAL or REJECTION OF APPEAL

TO: Inmate Prowse/Sage-Obama, Stansel/Ka'Torah A. ADC #: 658340B
FROM: Payne, Dexter L. TITLE: Director (ADC)
RE: Receipt of Grievance VSM19-01969 DATE: 08/27/2019

Please be advised, the appeal of your grievance dated 07/16/2019 was received in my office on this date 08/27/2019

**Your grievance appeal is being returned pursuant to the Administrative Directive on Inmate Grievances due to one of the following:**

- ☐ The time allowed for appeal has expired
- ☐ The matter is non-grievable and does not involve retaliation:
  - ☐ (a) Parole and/or Release matter
  - ☐ (b) Transfer
  - ☐ (c) Job Assignment unrelated to medical restriction
  - ☐ (d) Disciplinary matter
  - ☐ (e) Matter beyond the Department's control and/or matter of State/Federal law
  - ☐ (f) Involves an anticipated event
- ☑ You did not send all the proper Attachments:
  - ☐ (a) Unit Level Grievance Form (Attachment 1)
  - ☐ (b) Warden's/Center Supervisor's Decision (Attachment III); or Health Services Response Attached (Attachment IV for Health Issues Only)
  - ☐ (c) Did not give reason for disagreement in space provided for appeal
  - ☑ (d) Did not complete Attachment III or IV with your name, ADC#, and/or date
  - ☐ (e) Unsanitary form(s) or documents received
  - ☐ (f) This Appeal was REJECTED because it was a duplicate of , or was frivolous or vexatious